UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL NASE, BEVERLY NASE, AND GLEN WILSON | CIVIL ACTION |
| VERSUS | NO: 09-7659 |
| TECO ENERGY, INC., ET AL. | SECTION: R(5) |

**ORDER AND REASONS**

Before the Court are defendant TECO Ocean Shipping, Inc. (TECO)'s motion to transfer (R. Doc. 11) and plaintiff Douglas Menchise's motion for abstention and remand (R. Doc. 12). For the following reasons, Menchise's motion is GRANTED, and the Court does not reach TECO's motion.

I. BACKGROUND

From approximately 1989 to 1995, Michael Nase was employed by TECO as an engineer on shipping vessels used to transport phosphate from Florida to Louisiana. Nase alleges that he was exposed to hazardous chemicals during this time, and that he

contracted non-Hodgkin's lymphoma as a result.  On February 17, 2004, Nase and co-plaintiff Glen Wilson filed a personal injury action against various defendants, including TECO, in the Civil District Court for the Parish of Orleans.  (*See* R. Doc. 12, Ex. A.)  With respect to TECO, Nase asserts causes of action arising under Louisiana state law, the Jones Act, the Longshore and Harbor Workers' Compensation Act (LHWCA) and general maritime law.  (*Id.* at 11.)  Wilson's claims against TECO have been dismissed.

Nase's action was initially removed to this Court on March 23, 2004, *see Michael Nase, et al. v. TECO Energy, Inc., et al.*, Civ. A. No. 04-838 (R. Doc. 1), and remanded on December 8, 2004, *see Nase v. Teco Energy*, 347 F. Supp. 2d 313, 322 (E.D. La. 2004).  In its order of December 8, 2004, the Court found that it lacked removal jurisdiction over Nase's claims because they did not "arise under" federal law, and because the defendants were not completely diverse.  *Id.*  On remand, Nase and Wilson added Schlumberger Ltd. and Mosaic Fertilizer, LLC as additional defendants.  All defendants except TECO, Schlumberger and Mosaic have been dismissed.

On February 1, 2006, Nase field for Chapter 7 bankruptcy in the Middle District of Florida.  *See In re Nase*, Bankr. No. 8:06-bk-341 (Bankr. M.D. Fla.) (R. Doc. 1).  Nase was discharged,

and his case closed on May 9, 2006. *Id.* (R. Docs. 13-15). The bankruptcy case was reopened on November 13, 2009, however, in order to permit the bankruptcy trustee, Douglas Menchise, to administer Nase's Louisiana state court action against TECO. *Id.* (R. Docs. 17, 19). Menchise replaced Nase as the real party-in-interest in the state court action on November 24, 2009. (*See* R. Doc. 12, Ex. H.) Although the parties dispute precisely when TECO became aware of Nase's bankruptcy case, TECO was aware of Nase's bankruptcy case as of at least October 27, 2009.[1]

On December 11, 2009, TECO attempted to remove Nase's state court action to this Court for a second time, invoking the Court's bankruptcy jurisdiction. Assuming removal is proper, TECO seeks to transfer this action to the Middle District of Florida for consolidation with Nase's reopened bankruptcy case. For his part, Menchise filed a timely motion to remand within thirty days on January 5, 2010. (R. Doc. 12.) Menchise asks the Court to abstain and remand this action to Louisiana state court, where it has been pending for the past six years. Schlumberger

---

[1] On October 22, 2009, Mosaic filed a peremptory exception of no right of action in Nase's state court action attaching Nase's bankruptcy filings. (R. Doc. 1, Ex. F vol. XI.) On October 27, 2009, TECO filed its own peremptory exception of no right of action adopting Mosaic's filing. Both peremptory exceptions sought dismissal of Nase's action on grounds that Nase was not a real party-in-interest because his claims belonged to his bankruptcy estate.

and Mosaic do not oppose removal.  (*See* R. Doc. 1, Ex. B.)


**II. STANDARD**

A defendant may remove a civil action filed in state court if it is at least related to a bankruptcy case.  *See* 28 U.S.C. §§ 1334, 1452(a).  "The removing party bears the burden of establishing that federal jurisdiction exists" at the time of removal.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[T]he jurisdictional facts that support removal must be judged at the time of removal . . . .").  A district court must act on a timely motion to remand based on a defect in removal procedure.  28 U.S.C. § 1447(c); *see also Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993).  A district court also must remand an action if at any time before final judgment it appears that the court lacks subject matter jurisdiction.  *Id.*


**III. DISCUSSION**

**A.    Timeliness of Removal**

Because Nase filed a timely motion to remand challenging the

timeliness of TECO's removal of this action,[2] the Court must act on this issue.  TECO asserts that removal was timely under 28 U.S.C. § 1446(b) because a notice of removal was filed within 30 days of the order reopening Nase's bankruptcy case on November 13, 2009.  The Court finds, however, that removal was not timely under 28 U.S.C. § 1446(b) because TECO was in receipt of "other paper" from which it could be "unequivocally" ascertained that this action was removable as of at least October 27, 2009 -- 45 days before removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *see also Law v. Mallinckrodt, Inc.*, Civ. A. No. 05-876, 2005 WL 1926564, at *2-3 (E.D. Mo. Aug. 11, 2005).  Specifically, both TECO and Mosaic produced such "other paper" when they filed peremptory exceptions of no right of action in state court on October 22 and 27, 2009 attaching Nase's bankruptcy filings.  (R. Doc. 1, Ex. F vol. XI.)  TECO also received these filings when it was served with Mosaic's peremptory exception on October 22, 2009.  Once defendants were in receipt of Nase's bankruptcy filings, they knew that this action involved bankruptcy assets and was removable under 28 U.S.C. § 1452(b).  Defendants had 30 days to file a notice of

---

[2] Nase filed his motion to remand on January 4, 2010 -- within 30 days of TECO's notice of removal dated December 11, 2009.  *See* 28 U.S.C. § 1447(c).

5

removal under 28 U.S.C. § 1446(b), and removal after 45 days was untimely.

Furthermore, the Court observes that a number of district and bankruptcy courts have concluded that the timeliness of a § 1452 removal is determined by Federal Rule of Bankruptcy Procedure 9027 and not 28 U.S.C. § 1446(b).[3] Rule 9027 provides that if a civil action is pending when a bankruptcy case is commenced, notice of removal must be filed within 90 days after the order for relief in the bankruptcy case. Fed. R. Bankr. P. 9027(a)(2). To the extent Rule 9027(a)(2) applies to this case, defendants' notice of removal was untimely because it was filed over two years after Nase's bankruptcy case was closed. Moreover, for the following reasons, the Court declines to grant an extension of time to file the notice of removal under Federal Rule of Bankruptcy Procedure 9006(b).

B.  **Removal Jurisdiction**

---

[3] *See, e.g.*, *Everett v. Friedman's Inc.*, 329 B.R. 40, 42 (S.D. Miss. 2005); *Thomson v. Able Supply Co.*, 179 F. Supp. 2d 693, 696 n.6 (W.D. Tex. 2002); *GLS of ILL, LLC v. Pitt Penn Oil Co.*, LLC, Civ. A. NO. 09-571, 2009 WL 1691815, at *2 (W.D. Pa. June 17, 2009); *In re Boyer*, 108 B.R. 19, 24 (Bankr. N.D.N.Y. 1988). No circuit court appears to have determined whether the removal period in Rule 9027 or section 1446(b) governs in the event of a conflict. *See Christo v. Padgett*, 223 F.3d 1324, 1331 n.6 (11th Cir. 2000) (declining to decide issue).

Even if TECO's removal of this action were timely, which it was not, the Court still finds that this action should be equitably remanded pursuant to 28 U.S.C. § 1452(b).

The Court acknowledges that if this matter were timely before the Court, it would have "related to" jurisdiction under 28 U.S.C. § 1334(b). Federal district courts have original and exclusive jurisdiction over cases "under" title 11 of the United States Code. 28 U.S.C. § 1334(a). Federal district courts have original but not exclusive jurisdiction over civil proceedings "arising under" title 11, or "arising in" or "related to" cases under title 11. 28 U.S.C. § 1334(b). This Court thus has broad jurisdiction over bankruptcy cases and proceedings. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).

Nase's state court action is "related to" his bankruptcy case. "Related to" jurisdiction exists when a "proceeding could conceivably affect the estate being administered in bankruptcy." *Lone Star Fund V(US) v. Barclays Bank PLC*, __F.3d__, 2010 WL 60897, at *2 (5th Cir. 2010). This includes any litigation in which the "outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007), *cert.*

7

*denied*, 552 U.S. 1022 (2007). Here, Nase's action against TECO could increase the size of his bankruptcy estate and thus could have a conceivable effect on his estate. *See, e.g.*, *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993); *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991). The Court therefore has "related to" bankruptcy jurisdiction over this action under 28 U.S.C. § 1334(b), and removal is authorized by 28 U.S.C. § 1452(a).

The Court observes that it has only "related to" and not core bankruptcy jurisdiction over this action.[4] First, in defining core bankruptcy proceedings, section 157(b) expressly provides that personal injury tort claims are not core. *See* 28 U.S.C. § 157(b)(2)(O) (providing that core proceedings include "other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor . . . relationship, except personal injury tort or wrongful death claims"); *cf.* 28 U.S.C. § 157(b)(2)(B) (providing that estimation or liquidation of personal injury tort claims against estate are

---

[4] In the context of removal and remand, the Fifth Circuit has equated "related to" bankruptcy jurisdiction with non-core proceedings. *See, e.g.*, *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) ("Mandatory abstention applies only to non-core proceedings – that is, proceedings 'related to a case under title 11,' but not 'arising under title 11, or arising in a case under title 11.'").

not core proceedings); *McCarty v. Corp. of Catholic Archbishop of Seattle*, Civ. A. No. 06-1840, 2007 WL 777663, at *2 (W.D. Wash. Mar. 13, 2007). Second, a proceeding is core only "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Neither condition applies to Nase's personal injury tort claims against parties that are not creditors or otherwise involved in his bankruptcy case. *Id.* (finding that "state contract action that, had there been no bankruptcy, could have proceeded in state court" is non-core). Other than potentially increasing the size of Nase's bankruptcy estate, this action has nothing to do with Nase's bankruptcy case. This action does not directly involve bankruptcy issues such as claim allowance, plan confirmation or dischargeability. Although a final judgment in this action could lead to further bankruptcy proceedings, at this juncture "these concerns are speculative and insubstantial issues." *In re Wood*, 825 F.2d at 98. To hold that a state court tort action implicates the core administration of a bankruptcy estate simply because it could affect the size of the estate or involves the bankruptcy trustee would make nearly every bankruptcy-related

9

proceeding a core proceeding.[5]  This would extend core bankruptcy jurisdiction far beyond constitutional limits.  *See, e.g., Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 84-86 (1982) (plurality: finding that adversarial proceeding brought by debtor on pre-petition state law claim against defendant who had not filed claim in bankruptcy may not be adjudicated by Article I bankruptcy court); *In re Wood*, 825 F.2d 90, 95 (5th Cir. 1987) (declining to interpret § 157(b) broadly; "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the [Bankruptcy] Act").[6]  For each of these reasons, the Court finds that it does not have core bankruptcy jurisdiction over this action.

The Court briefly addresses TECO's argument that Menchise has judicially admitted that this action is a core proceeding. Rule 9027(e) requires a party "to file a statement admitting or denying any allegation in the Notice of Removal that . . . the

---

[5] Section 157 provides that core proceedings include "matters concerning the administration of the estate."  28 U.S.C. § 157(b)(2)(B).

[6] *See also In re Commercial Heat Treating of Dayton, Inc.*, 80 B.R. 880, 889-90 (Bankr. S.D. Ohio 1987); *In re De & Hudson R&R Co.*, 122 B.R. 887, 893-95 (D. Del. 1991); *In re Bliss Tech., Inc.*, 307 B.R. 598, 608, 608 n.14 (Bankr. E.D. Mich. 2004) (same); *In re TVR of Am., Inc.*, 123 B.R. 159, (Bankr. D. Conn. 1991).

proceeding is core or non-core." Fed. R. Bankr. P. 9027(e). TECO asserts that because Menchise failed to file this statement within 14 days of removal, he may no longer contest that this action is a core proceeding. The Court rejects this argument. First, Rule 9027(e) does not provide any penalty for a party's failure to timely file the required statement. Second, Menchise did file a Rule 9027(e) statement on January 11, 2010 (*see* R. Doc. 17), and TECO has asserted no prejudice arising from the delay. Third, several courts have declined to preclude a party from contesting core jurisdiction simply because a Rule 9027(e) statement was untimely filed. *See, e.g., Miller v. Lacoste Builders*, Civ. A. No. 01-3000, 2001 WL 1607079, at *1 (E.D. La. Dec. 17, 2001); *Wetzel v. Lumbermens Mut. Cas. Co.*, 324 B.R. 333, 339 (S.D. Ind. 2005); *Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 545-46 (S.D. W. Va. 2004). The Court finds that Menchise has not judicially admitted that this action is a core proceeding.

**C.   Remand and Abstention**

   1.   Equitable remand and permissive abstention

A federal district court may remand an action removed under 28 U.S.C. § 1452 "on any equitable ground." 28 U.S.C. § 1452(b). A district court has similarly broad discretion to permissively abstain from hearing bankruptcy-related proceedings "in the

11

interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). Furthermore, a district court must abstain from hearing a state court action if it is merely related to a bankruptcy case, could not have been commenced in federal court in the absence of bankruptcy jurisdiction, and could be timely adjudicated in a state forum.[7] *See* 28 U.S.C. § 1334(c)(2). The Court finds that equitable remand and permissive abstention are appropriate in this case pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b)

In determining whether equitable remand and permissive abstention are appropriate, the Court considers the following factors: (1) forum *non conveniens*; (2) a preference for a bifurcated action to be tried in the same court; (3) whether the state court is better able to respond to questions involving state law; (4) expertise of the court; (5) duplicative and uneconomic effort of judicial resources; (6) prejudice to the involuntarily removed parties; (7) comity; (8) a lessened possibility of an inconsistent result; (9) the presence in the

---

[7] Mandatory abstention does not apply to "the liquidation or estimation of contingent or unliquidated personal injury tort . . . claims against the estate for purposes of distribution" in a bankruptcy case. 28 U.S.C. § 157(b)(4). Section 157(b)(4) has no application in this case because Nase's personal injury tort claim is not "against" his estate.

proceeding of nondebtor parties; (10) the absence of any basis for jurisdiction other than section 1334; (11) the predominance of state law issues; (12) the degree of relatedness of the proceeding to the bankruptcy case; and (13) the likelihood of forum shopping. *See, e.g.*, *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir.1984);[8] *Orion Refining Corp. v. Fluor Enters., Inc.*, 319 B.R. 480, 488 (E.D. La. 2004); *J.T. Thorpe Co. v. Am. Motorists*, Civ. A. No. 02-4598, 2003 WL 23323005, at *6 (S.D. Tex. June 9, 2003). Of the factors that apply to this case, all dictate remanding this action to state court.

First, the defendants in this action are not involved in Nase's bankruptcy case. Remanding this action to state court thus does not require defendants to engage in related litigation in multiple fora. Indeed, TECO has not pointed to a single reason why trial in Louisiana state court would be relatively more inconvenient than in Florida district court. Mosaic asserts that some evidence and witnesses are located in Florida, but this does not establish that Florida is a relatively more convenient forum than Louisiana, and it does not outweigh all the other reasons why this action should be remanded.

---

[8] In *Browning*, the Fifth Circuit interpreted 28 U.S.C. § 1478(b), which was reenacted and slightly amended as section 1452(b).

Second, this action relates only tangentially to Nase's bankruptcy case.  This action is not a core proceeding, and the substantive claims have nothing whatever to do with bankruptcy laws or the Florida bankruptcy court.  TECO asserts that Nase's bankruptcy case is implicated because this action could increase the size of the bankruptcy estate, and because Menchise, the bankruptcy trustee, is the named plaintiff.  But these considerations are present in almost any bankruptcy-related proceeding, and they are insufficient to tip the equities in defendants' favor.  Moreover, the Court observes that Menchise, the bankruptcy trustee, has indicated that trial in Florida district court would not be in the estate's best interest.  Defendants' concern for the efficient and centralized administration of Nase's bankruptcy case is admirable, but in light of defendants' lack of involvement in the bankruptcy case, and in light of the bankruptcy trustee's desire to litigate in Louisiana state court, defendants' concern is unpersuasive.

Third, TECO's attempt to remove and transfer this action to Florida district court close to the trial that is set for May 2010 strongly suggests forum shopping.  This conclusion is supported by defendants' minimal showing that it would be inconvenienced by trial in Louisiana state court.

Fourth, because this action has been pending in Louisiana

14

state court for approximately six years and is now close to trial, removal would significantly prejudice plaintiffs. Removal at this late stage would also ignore the substantial efforts of the Louisiana state court in bringing this case to trial and result in much wasted time and effort.

Fifth, there is little federal interest in trying plaintiffs' claims in federal court. Jones Act claims generally are not removable. *See Hopkins v. Dolphin Titan Int'l, Inc.*, 976 F.2d 924, 926 (5th Cir. 1992). Although Nase raises certain other related maritime claims, the Court has already held that these claims are not removable. *See Nase v. Teco Energy*, 347 F. Supp. 2d 313, 322 (E.D. La. 2004); *see also Addison v. Gulf Coast Contracting Servs., Inc.*, 744 F.2d 494, 500 (5th Cir. 1984) (holding that maintenance and cure claims not "separate and independent" from Jones Act claims for § 1441(c) removal purposes). The federal interest in trying non-removable claims in federal court is minimal. Moreover, as already discussed, the federal interest in trying Nase's claims in the home bankruptcy forum is also minimal.

Lastly, to the extent TECO seeks to remove only Nase's and not Wilson's claims, removal would result in duplicative and potentially inconsistent litigation in both state and federal fora. This is not an efficient use of judicial resources.

15

### 2. TECO's motion to transfer

For the same reasons already discussed, the Court will permissively abstain from considering TECO's motion to transfer. *See* 28 U.S.C. § 1334(c)(1). TECO asserts that this action should be transferred to the Middle District of Florida because personal injury tort claims typically "shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). According to TECO, this means that the Middle District of Florida and not this Court should determine whether remand to Louisiana state court is appropriate. Menchise, on the other hand, asserts that transfer would only result in further delay and wasted resources. *See, e.g.*, *Ni Fuel Co., Inc. v. Jackson*, 257 B.R. 600, 612 (N.D. Okla. 2000) (finding remand was appropriate before evaluating motion to transfer).

The Court has located no controlling authority requiring it to decide TECO's motion to transfer before Menchise's motion to remand and abstain. The purpose of section 157(b)(5) is "to centralize the administration of the estate and to eliminate the 'multiplicity of forums for the adjudication of parts of a bankruptcy case.'" *In re Pan Am. Corp.*, 950 F.2d 839, 845 (2d

16

Cir. 1991). This in turn helps avoid "confusion, delay, and inefficiencies" associated with the bankruptcy process. *Id.* Although section 157(b)(5) is drafted with mandatory language, it "has consistently been construed to recognize discretion in district courts to leave personal injury cases where they are pending." *Id.*; *In re White Motor Credit*, 761 F.2d 270, 273 (6th Cir. 1985) (finding Bankruptcy Act "'allows abstention for personal injury cases' and only 'where abstention does not occur' will the requirement for adjudication in a district court take effect"); *cf. Terral v. SCH Mgmt. Solutions, Inc.*, Civ. A. No. 04-1545, 2004 WL 2115486, at *2 (E.D. La. Sept. 21, 2004) (Sections 1452(b) and 1334(c)(1) "strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court . . . .").

The Sixth Circuit has specifically found that the Bankruptcy Act "'allows abstention for personal injury cases' and only 'where abstention does not occur' will the requirement for adjudication in a district court take effect." *In re White Motor Credit*, 761 F.2d at 273. The Court recognizes that in some cases the home bankruptcy forum may be in the best position to determine whether litigation involving the bankruptcy estate should occur in state or federal court. In such cases, it may be

17

prudent to evaluate a motion to transfer before a motion to remand. This case, however, is only tangentially related to Nase's bankruptcy case and does not implicate core bankruptcy jurisdiction. Transfer would "merely delay what must occur in this action and would therefore result in a waste of judicial resources." *Ni Fuel*, 257 B.R. at 612. Remand is appropriate for a host of reasons, and further delay of this result would unjustly cause confusion, delay, and inefficiency.

For all of these reasons, the Court finds that, even if removal were timely, it is appropriate to equitably remand this action pursuant to 28 U.S.C. § 1452(b), and to permissively abstain from further proceedings on this action pursuant to 28 U.S.C. § 1334(c)(1). The Court does not reach TECO's motion to transfer.

## IV. CONCLUSION

For the reasons stated, Menchise's motion to remand is GRANTED.

New Orleans, Louisiana, this **9th** day of March, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE